Devonshire *vs.* Gauthreaux.

## No. 7803.

### RICHARD DEVONSHIRE VS. GAUTHREAUX, CIVIL SHERIFF.

Where the demand is of sufficient amount to give jurisdiction to the Supreme Court, and the judgment below is for less than the appealable sum, and the right to sue for the residue is reserved, the case is appealable.

Fictitious and imaginary claims cannot be tacked on a real claim for the purpose of giving this court jurisdiction.

APPEAL from the Fourth District Court of New Orleans. HOUSTON, J.

*B. Egan* for Plaintiff.    *Gill* for Defendant Appellant.

DE BLANC, J.    By virtue of a writ of *fieri facias* issued on a judgment obtained by Stewart against Davis, the civil sheriff of the Parish of Orleans seized six mules, to satisfy said judgment, which — in principal, interest, and costs — amounts to less than five hundred dollars.

Richard Devonshire, who claims to be the owner of those mules, which he alleges to be worth nine hundred dollars, enjoined the sheriff and Stewart from selling them under said writ, and prays that they be condemned to pay him — as damages — one thousand dollars, and besides, forty-five dollars per day for every day during which said mules may be detained.

Devonshire's injunction was perpetuated, and his right to sue for damages expressly reserved.

Defendants appealed, and a motion is made to dismiss their appeal, on the ground that the matter in dispute is exclusively the amount mentioned in the writ of *fieri facias*, which is less than five hundred dollars.

This is certainly a mistake. There is no contest as to the validity of the judgment or writ, and, according to plaintiff's own petition, the matter in dispute is " the mules and the damages alleged to have resulted from the seizure," the value and amount of which far exceed one thousand dollars. He, however, contends that, inasmuch as his claim for damages was merely reserved by the judgment appealed

from, it must no longer be considered in determining whether we can entertain jurisdiction of this cause.

To sustain his motion, he cites Blanchard *v.* Kernon, in which our immediate predecessors held that their jurisdiction had not attached because the principal demand was for less than five hundred dollars, and the reconventional demand, the judgment as to which had not been appealed from, not involved in the former.    25 A. 385.

Here, the principal demand is for much more than one thousand dollars, and the fact that it was only partly allowed, did not, as to defendants alone, divest the case of its appealable character, and destroy the right of appeal, which, beyond any doubt, could have been exercised by plaintiff himself.

In R. R. Railroad Co. *v.* Williams, which is also relied upon by plaintiff's counsel, this court said: " It is true we have held that our jurisdiction is to be determined by the amount of the demand, and not by that of the judgment below; but this must be understood of serious and *bona fide* demands, in support of which some ground or evidence is attempted to be shown.   We readily avail ourselves of this opportunity, which has appeared to us a most fit one, for the purpose of declaring that we are, by no means, disposed to suffer fictitious and imaginary claims to be tacked on a real one, for the sole purpose of bringing up suits before this court in violation of the Constitution, and in derogation of the respect due to the courts of justice."    16 L. 183.

This they repeated in the cases referred to by said counsel and reported in 17 L. 103 and 3 R. 143, but plaintiff does not, and could not consistently contend, in order to defeat the appeal taken by his adversaries, that his own claim, the right to prosecute which has been specially reserved, is fictitious and imaginary, and, inasmuch as this case is not an exception to the rule that it is the amount claimed, and not that allowed by the judgment of the lower court, which gives us jurisdiction.

*The motion to dismiss is refused.*